# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-71-TWP-DCP |
| LARRY STEVEN COVINGTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 17, 2018, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue Trial [Doc. 14], filed August 10, 2018. Assistant United States Attorney F.M. Hamilton, III, represented the Government. Attorney Robert R. Kurtz represented Defendant Covington, who was also present.

In his motion, the Defendant asks the Court to continue the September 4, 2018 trial date in this case. The Defendant states that following his initial appearance and arraignment and the appointment of defense counsel on July 3, 2018, he was moved to the Irwin County Detention Center in Ocilla, Georgia. He states that he has yet to review the discovery with his attorney. Additionally, the motion states that the Defendant anticipates additional charges will be filed against him and wants to explore whether a global resolution of all charges is possible. The Defendant contends that a trial continuance would further the ends of justice in this case and that the failure to grant a continuance would deny him the ability to prepare for trial effectively.

At the August 17 motion hearing, Mr. Kurtz argued that there are two main bases for continuing the trial: First, Mr. Kurtz said that he needs time to review the discovery with Defendant Covington, who was transferred to a jail in Georgia immediately after counsel's appointment. Mr. Kurtz stated that Defendant Covington was returned to this district only recently for this hearing and that he has not had the opportunity to discuss the case with the Defendant. Second, Mr. Kurtz related that the Assistant United States Attorney assigned to this case has informed him of the possibility of additional charges. Mr. Kurtz requested additional time to explore a global resolution to all charges. He argued that the ends of justice served by a trial continuance outweigh the best interest of the Defendant and the public in a speedy trial.

AUSA Hamilton stated that the Government does not oppose the Defendant's motion and asked the Court to make the appropriate ends-of-justice findings. The parties agreed on a new trial date of December 4, 2018.

The Court finds the Defendant's motion to continue the trial is unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Covington first appeared in this case on July 3, 2018. At that time, the Court appointed Mr. Kurtz to represent the Defendant in both this case and case number 3:17-CR-50. Mr. Kurtz has proffered that the Defendant was soon transported to a jail in south Georgia, before counsel had the opportunity to review the discovery with him. Mr. Kurtz relates that the Defendant has just been returned to this district for the instant motion hearing. Now that the Defendant is back in the district, defense counsel needs time to review discovery with the Defendant and to prepare the case for trial. Additionally, Mr. Kurtz asks for more time to advise the Defendant with regard to a resolution of

pending and potential charges. The Court finds that all of this cannot take place in the two and one-half weeks before the September 4 trial date or in less than three months. Accordingly, the Court finds that requiring the parties to proceed to trial on September 4, 2018, would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Motion to Continue Trial [**Doc. 14**] is **GRANTED**, and the trial of this matter is reset to **December 4, 2018**. The Court finds that all the time between the filing of the motion on August 10, 2018, and the new trial date of December 4, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a final pretrial conference on **November 9, 2018, at 1:30 p.m. November 9, 2018**, will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 13, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 19, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Covington's Motion to Continue Trial [**Doc. 14**] is **GRANTED**;

(2) The trial of this case is reset to commence on **December 4, 2018**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendant's motion on **August 10, 2018**, and the new trial date of **December 4, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(4) The parties are to appear before the undersigned for a final pretrial conference on **November 9, 2018, at 1:30 p.m.** This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery;

(5) All motions *in limine* must be filed no later than **November 13, 2018**; and

(6) Special requests for jury instructions shall be submitted to the District Judge no later than **November 19, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge