UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:18-CR-71 and 3:18-CR-186 |
| v. | ) | |
| | ) | JUDGE PHILLIPS |
| LARRY STEVEN COVINGTON, JR. | ) | |

### **PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, LARRY STEVEN COVINGTON, JR., and the defendant's attorney, Robert Kurtz, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to an information charging the defendant with two counts. Count one charges assault upon a federal officer in violation of Title 18, United States Code, Section 111. The punishment for this offense is up to twenty (20) years imprisonment, three (3) years of supervised release, a fine up to $250,000.00, a $100 special assessment fee, and forfeiture. Count two charges possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The punishment for this offense is up to ten (10) years imprisonment, a term of supervised release of up to (3) years, a fine of up to $250,000.00, and a $100 special assessment fee and forfeiture.

2. Further, the defendant will plead to indictment 3:18-CR-71 charging the defendant with one count of Failure to Surrender for Service of Sentence in violation of Title 18, United States Code, Section 3146(a)(2). The punishment for this offense is up to two (2) years imprisonment CONSECUTIVE to any other term of offense, up to a $250,000.00 fine, up to a year on supervised release, and a $100 mandatory assessment fee.

3. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offense(s) committed by the defendant that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

4. The defendant has read the information and indictment 3:18-CR-71, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

    A. <u>Assault upon a Federal Officer</u>

        i. Defendant forcibly assaulted, resisted, opposed, impeded, intimidated and interfered;
        ii. With any person designated in Title 18 USC, Section 1114;
        iii. While engaged in or on account of the performance of official duties;
        iv. Defendant used a deadly weapon or inflicted bodily injury.

    B. <u>Possession of a Firearm by a Convicted Felon</u>

        i. Prior felony conviction punishable by greater than 1 year imprisonment OR a fugitive from justice;
        ii. Knowingly possess a firearm;
        iii. The possession of the firearm was in or affected interstate commerce or the firearm was shipped/transported/received in interstate or foreign commerce.

    C. <u>Failure to Surrender for Service of Sentence</u>

        i. Defendant having been released under an order setting conditions of release by a federal magistrate;
        ii. Defendant fails to surrender for service of a sentence pursuant to a court order.

5. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other

facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On April 2, 2018, the defendant was sentenced by this Honorable Court to forty-six (46) months imprisonment in the Eastern District of Tennessee in case 3:17-CR-50. The defendant was ordered to be released on his original bond ordered by the Magistrate Judge pending designation by the Board of Prisons (BOP).

On April 5, 2018, the defendant was sent a letter from the BOP informing him of his report date of May 2, 2018 to FCI Beckley in West Virginia. Additionally, Defendant came to the United States Marshals Service (USMS) office in Knoxville where defendant signed the same letter acknowledging his report date. On May 2, 2018, Covington failed to appear at FCI Beckley.

From May 2, 2018 through July 2, 2018, the defendant was harbored by his girlfriend, Pennie Smith. While the defendant was being harbored, defendant was aware that Smith lied to the USMS telling them she was unaware of where defendant was hiding.

On July 2, 2018, the defendant and Smith drove to the United States Post Office (USPO) located at 1237 East Weisgarber Road, Knoxville, Tennessee to pick up a package. The USMS had been "tipped off" and were surveilling the parking lot. Defendant stayed in the vehicle, a 2001 Chevy Tahoe and Smith went into the USPO. Deputy United States Marshals (DUSMs) surrounded the defendant's vehicle, identified themselves as law enforcement and ordered the defendant to surrender. Defendant's only means of resisting arrest was driving forward onto the sidewalk to attempt a getaway. However, DUSM D.A. was blocking the defendant's only exit route. DUSM D.A. stood a foot from the front of the vehicle on the sidewalk, commanding the defendant to surrender. The defendant chose to forcibly resist arrest, gunned his engine and sped over the concrete parking curb and onto the sidewalk at a fast rate of speed leaving tire marks. DUSM D.A.

3

had to jump out of the direct line of defendant's vehicle in order to avoid being struck by the vehicle.

Defendant fled in his vehicle and drove at speeds close to a hundred miles an hour until he reached the neighborhood where his mother owned a home. He abandoned his vehicle and ran to the home of a friend, Robert Edward Seaton, at 1820 Millard Beets Road East, Knoxville, Tennessee. Seaton bandaged the defendant's injuries and allowed him to hide in his crawl space where defendant was ultimately located and taken into custody.

A search was conducted on the vehicle Covington abandoned after he fled the USPO. In the back seat of the vehicle in a Kobalt bag were three guns and ammunition, namely:

(a) Glock .40 caliber pistol, Model 22, serial number CML0255US;

(b) Smith and Wesson .455 Hand Ejector 2nd Model, serial number 44339;

(c) Smith and Wesson .380 caliber, Model M&P Bodyguard 380, serial number KBU6560;

(d) One (1) Remington, .22 Magnum cartridge ammunition;

(e) Six (6) Winchester .380 auto cartridge ammunition;

(f) Fourteen (14) Ruger .40 Smith and Wesson cartridge ammunition;

(g) One (1) Blazer .40 Smith and Wesson cartridge ammunition;

(h) Fourteen (14) Hornady .40 Smith and Wesson cartridge ammunition.

As of July 2, 2018, and at all times relevant to the charges in this case, the defendant was a previously convicted felon. That is, he had previously been convicted in a court of a crime punishable by greater than one year imprisonment. Specifically, defendant was convicted of possession with intent to sell marijuana, Knox County Tennessee, 2003; Possession with intent to sell more than .5 grams of cocaine, Knox County Tennessee, 2004; Theft and possession of a firearm by a convicted felon, Knox County Tennessee, 2015. All of the firearms and ammunition

the defendant possessed were manufactured outside of the State of Tennessee and, therefore, they affected interstate commerce. Defendant admits and acknowledges that he unlawfully possessed all of the aforesaid firearms and ammunition.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a)     the right to be indicted by a grand jury for these crimes;

    b)     the right to plead not guilty;

    c)     the right to a speedy and public trial by jury;

    d)     the right to assistance of counsel at trial;

    e)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    f)     the right to confront and cross-examine witnesses against the defendant;

    g)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    h)     the right not to testify and to have that choice not used against the defendant.

7. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a)     The Court may impose any lawful terms of imprisonment, any lawful fines, and any lawful terms of supervised release up to the statutory maximums;

    b)     The Court will impose special assessment fees as required by law; and

    c)     The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense

5

Case 3:18-cr-00071-TWP-DCP   Document 18   Filed 11/15/18   Page 5 of 12   PageID #: 123

counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty pleas. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

8. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and in consideration of all of the terms of this plea agreement in conjunction with the policy statement set forth in United States Sentencing Guidelines § 6B1.2(b) and related commentary, the United States agrees that at the time of sentencing:

a) For sentencing purposes only, the United States and defendant stipulate and agree the sentence for indictment 3:18-CR-71 and the information shall run concurrent. However, the sentence ordered by the court shall run consecutive to the sentence the defendant received in 3:17-CR-50 of forty-six (46) months.

b) For sentencing purposes only, the United States and the defendant stipulate and agree that pursuant to USSG §4B1.1 that the defendant is a Career Offender.

However, per Rule 11(c)(1)(B), the terms set forth in Paragraphs 7(a) and 7(b) of this plea agreement are not binding on the Court, and if rejected by the Court, may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea.

9. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the

6

Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

10. The defendant agrees to pay the special assessment in this case prior to sentencing.

11. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties:

(a) Glock .40 caliber pistol, Model 22, serial number CML0255US;

(b) Smith and Wesson .455 Hand Ejector 2nd Model, serial number 44339;

(c) Smith and Wesson .380 caliber, Model M&P Bodyguard 380, serial number KBU6560;

(d) One (1) Remington, .22 Magnum cartridge ammunition;

(e) Six (6) Winchester .380 auto cartridge ammunition;

(f) Fourteen (14) Ruger .40 Smith and Wesson cartridge ammunition;

(g) One (1) Blazer .40 Smith and Wesson cartridge ammunition;

(h) Fourteen (14) Hornady .40 Smith and Wesson cartridge ammunition.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

12. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means

8

Case 3:18-cr-00071-TWP-DCP   Document 18   Filed 11/15/18   Page 8 of 12   PageID #: 126

the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

13.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the

offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

14. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United

States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

15. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

16. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea

11

agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

11/13/2018
Date

By: *Jennifer Kolman*
Jennifer Kolman
Assistant United States Attorney

11-12-18
Date

*Larry S. Covington*
Larry Steven Covington, Jr.
Defendant

11-12-18
Date

Robert R. Kurtz
Attorney for the Defendant

12